IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRESIDENTIAL CANDIDATE | ) | |
| NUMBER P60005535, *also known as* | ) | |
| RONALD SATISH EMRIT, and | ) | C.A. No. 25-214 Erie |
| PRESIDENTIAL COMMITTEE/ | ) | |
| SEGREGATED FUND (SSF) NUMBER | ) | |
| C00569897, *doing business as* | ) | |
| *UNITED EMRITS OF AMERICA*, | ) | District Judge Susan Paradise Baxter |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOVERNOR WES MOORE | ) | |
| (D-MARYLAND), *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

Plaintiffs Presidential Candidate Number P60005535 a/k/a Ronald Satish Emrit and Presidential Committee/Segregated Fund (SSF) Number C00569897 (collectively referred to as "Emrit") commenced this civil action on July 10, 2025, by filing a motion to proceed *in forma pauperis* [ECF No. 1], together with an attached *pro se* complaint against Defendants Governor Wes Moore (D-Maryland), Aisha Braveboy (Prince George's County Executive), Congressman Jamie Raskin (D-Maryland), Senator Angela Alsobrooks (D-Maryland), Senator Chris Van Hollen (D-Maryland), and Anthony Brown (Maryland Attorney General). Emrit claims that Defendants committed negligence, intentional infliction of emotional distress, tortious interference with business relations/contracts, tortious interference with family relationships,

1

civil rights violations, and violations of constitutional law, for which he seeks damages in the amount of $250,000. [ECF No. 1-1].

In his complaint, Emrit describes himself as an "indigent, disabled, and unemployed resident" of the states of Florida and Maryland.(ECF No. 1-1 at ¶15). Plaintiff alleges that he has "not been able to obtain a Section 8 housing voucher even though he has been diagnosed with bipolar/schizoaffective disorder by ... over 30 psychiatrists at behavioral institutions in the states of Maryland, Minnesota, Iowa, Texas, Nevada, California, and Florida. (Id. at ¶ 35). Plaintiff claims that Defendants: (1) have been "particularly negligent in protecting valuable programs such as Medicaid and Medicare from the "crazy MAGA Republicans" in Congress; (2) have interfered with his business relations by not offering him a job as a disabled professor of entertainment law at any of Maryland's colleges or universities; (3) have interfered with his family relations and have committed intentional infliction of emotional distress by not providing him with a Section 8 housing voucher; and (4) are violating the Equal Protection Clause, the Due Process Clause, and the Privileges and Immunities Clause of the United States Constitution by not providing him with a Section 8 housing voucher.

## II.   DISCUSSION

### A.   Review of Plaintiff's Application for Leave to Proceed in Forma Pauperis

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed *in forma pauperis* under § 1915(a); second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise

subject to *sua sponte* dismissal. Id., citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see Brown v. Sage, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed in forma pauperis on appeal); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010); Rogers v. United States, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007).

Here, Emrit's motion for leave to proceed *in forma pauperis* will be granted, as it appears that he lacks sufficient funds to pay the required filing and administrative fees in this action. Accordingly, the Clerk will be directed to file his complaint as a separate docket entry.

**B.    Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)**

1.    Governing Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a viable claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable

inference arising from the facts in favor of the complainant See Taksir v. Vanguard Grp., 903 F.3d 95, 96-97 (3d Cir. 2018). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) review, it must contain more than just labels and conclusions or a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, Plaintiff is proceeding *pro se.* Therefore, his complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015), quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). But while courts construe *pro se* pleadings liberally, "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend the complaint, unless further amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)

    2.    <u>Analysis</u>

At the outset, the Court takes judicial notice of the fact that Emrit is a serial filer of *pro se* lawsuits which have routinely been dismissed as frivolous or vexatious. See, e.g., Presidential Candidate Number P0005535 v. U.S. Patent and Trademark Office, 2025 WL 2988663 (W.D. Pa. Oct. 23, 2025); Emrit v. Prince George's Cnty. Police Dep't, 2025 WL 2345179, at *2 (W.D.

Pa. Aug. 13, 2025) (recounting "Plaintiff's proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country"); Emrit v. Progressive Ins. Co., 2024 WL 436385, at *2 (N.D. Fla. Jan. 11, 2024) (identifying Plaintiff as a "'serial pro se filer' who has been a party in more than 700 federal cases and the plaintiff in more than 400 federal cases"), Report and Recommendation adopted, 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), appeal dismissed, 2024 WL 3664060 (11th Cir. Mar. 4, 2024); Emrit v. Bd. of Immigr. Appeals, 2022 WL 4287659, at *1 & n.1 (S.D. W. Va. Mar. 31, 2022) (noting that Emrit had filed cases "nationwide, from Maine to Hawaii" and cataloguing all the various cases that were dismissed as meritless and frivolous), Report and Recommendation adopted, 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022).

  The allegations in this case likewise lack any arguable basis either in law or in fact. Neitzke, 490 U.S. at 325, 327. In fact, it appears that Emrit has filed complaints that were either identical or substantially similar to this one in numerous jurisdictions throughout the country, only to have his claims consistently dismissed for lack of proper venue and/or failure to state a cognizable claim. See, e.g., Emrit v. Moore, 2025 WL 2858880 (D. S.C. Oct. 9, 2025) (complaint dismissed for improper venue); Presidential Candidate No. P60005535 v. Moore, 2025 WL 2604495 (M.D. Pa. Jul. 18, 2025) (same); Presidential Candidate No. P60005535 v. Moore, No. 5:25-cv-64 (W.D. Va. Sept. 3, 2025) (same); Emrit v. Moore, Civ. No. 3:25-cv-03014 (D. S.D. Aug. 27, 2025) (same); Emrit v. Moore, Civ. No. 1:25-cv-157 (S.D. Ga. Jul. 15, 2025) (same)

  To the extent that Emrit's claims are even discernable, the Court finds that they are based upon an indisputably meritless legal theory and/or factual allegations that are clearly baseless. As such, Plaintiff's claims are frivolous. Neitzke, 490 U.S. at 327.

Moreover, it is clear from a review of the complaint that venue does not lie in this judicial district. See 28 U.S.C. §1391(b). None of the Defendants identified in the complaint are residents of this Commonwealth, nor do Emrit's allegations suggest that any part of the events or omissions giving rise to his putative claims occurred here. Notably, Emrit identifies himself as a resident of both Florida and Maryland, but not Pennsylvania. He further suggests that the U.S. District Court for the District of Maryland is the proper forum for his claims. See ECF No. 1-1 at ¶¶ 23, 24. Thus, venue is not proper here and, given the frivolous nature of Plaintiff's allegations, the Court will exercise its discretion to dismiss this action rather than transfer the action to the District of Maryland.

Thus, based upon the foregoing, Emrit's motion for leave to proceed *in forma pauperis* [ECF No. 1] will be granted; however, the complaint will be dismissed without leave to amend, as further amendment would be both inequitable and futile. Grayson, 293 F.3d at 114.

An appropriate Order follows.